## CIRCUIT COURT OF THE CITY OF RICHMOND

Debira D. Parker

v.

Aetna Insurance Co.
and Government Employers Ins. Co.

February 19, 1993

Case No. LU-3263-4

BY JUDGE RANDALL G. JOHNSON

On October 12, 1991, plaintiff was injured in an automobile accident in which Rene W. Julian was a driver. Plaintiff filed suit against Julian and obtained a judgment for $30,000. At the time of the accident, Julian was covered by a liability insurance policy issued by defendant Government Employers Insurance Company (GEICO). Plaintiff was covered by a policy issued by defendant Aetna Insurance Company which, according to plaintiff's motion for judgment and Aetna's responses to requests for admissions, included uninsured motorist coverage of $300,000. GEICO has paid $10,000 towards the $30,000 judgment, and in its demurrer to the motion for judgment states that such payment represents the limits of GEICO's policy with Julian.[1] The case is presently before this court on plaintiff's motion for summary judgment against Aetna, plaintiff claiming that Aetna must pay her $20,000 under the uninsured motorist provision of her policy.

Va. Code § 38.2-2206(B) provides, in part, as follows:

> "*Uninsured motor vehicle*" means a motor vehicle for which (i) there is no bodily injury liability insurance and property damage liability insurance in the amounts specified by

---

[1] At oral argument, counsel for the parties represented that the GEICO policy was issued in Louisiana, which has insurance policy limits less than those required of policies issued in Virginia.

§ 46.2–100, (ii) there is such insurance but the insurer writing the insurance denies coverage for any reason whatsoever, including failure or refusal of the insured to cooperate with the insurer, (iii) there is no bond or deposit of money or securities in lieu of such insurance, *or* (iv) the owner of the motor vehicle has not qualified as a self-insurer under the provisions of § 46.2–368.

Second emphasis added.[2] It is plaintiff's position that summary judgment is appropriate under subparagraph (ii) above because Aetna has admitted, again in response to requests for admissions, that Julian had insurance with GEICO but that GEICO has denied coverage "for any reason whatsoever." Aetna, on the other hand, argues that plaintiff's reliance on the above-quoted portion of § 38.2–2206(B) is misplaced, since what is involved here in *underinsured* not *uninsured* coverage. In this regard, Aetna points out that after defining "uninsured motor vehicle." § 38.2–2206(B) goes on to say:

A motor vehicle is "underinsured" when, and to the extent that, the total amount of bodily injury and property damage coverage applicable to the operation or use of the motor vehicle and available for payment for such bodily injury or property damage . . . is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle.

"*Available for payment*" means the amount of liability insurance coverage applicable to the claim of the injured person for bodily injury or property damage reduced by the payment of any other claims arising out of the same occurrence.

While the motion for judgment does not allege that plaintiff's policy with Aetna contained a provision for underinsured motorist coverage, such coverage had to have existed since Aetna admits that plaintiff contracted for limits higher than those required by statute, and since Va. Code § 38.2–2206(B) provides:

---

[2] The reference to "the amount specified by § 46.2–100" in subparagraph (i) of § 38.2–2206(B) is to the minimum policy limits set out in § 46.2–472, which is referenced in § 46.2–100, and which are $25,000 bodily injury or death of one person, $50,000 bodily injury or death of two or more persons, and $20,000 property damage, all in any one accident.

Where the insured contracts for higher limits, the endorsement or provisions for those limits shall *obligate* the insurer to make payment for bodily injury or property damage caused by the operation or use of an *underinsured motor vehicle* to the extent the vehicle is underinsured, as defined in subsection B of this section.

Emphasis added.

In light of § 38.2–2206(B)'s definition of uninsured and underinsured motor vehicles, in light of that section's definition of "available for payment," and in light of the fact that summary judgment is appropriate only where there are no material facts generally in dispute (*see* Rule 3:18 of the Rules of the Supreme Court of Virginia), summary judgment is inappropriate here.

First, as Aetna correctly points out, the General Assembly has made a clear distinction between uninsured motorist coverage and underinsured motorist coverage. While a motor vehicle is *uninsured* under § 38.2–2206(B)(ii) if the vehicle is insured as required by § 46.2–100[3] but coverage is denied for *any reason whatsoever*, a vehicle is *underinsured* only where the *coverage available* is less than the uninsured coverage afforded to the injured person. This, in the court's opinion, is a very real and crucial distinction; that is, that in order for an insured to recover under an *uninsured* motorist provision, he or she need only prove that there was the specified coverage on the other vehicle, but that such coverage has been denied. It makes no difference whether coverage was wrongfully denied, or even unlawfully denied, so long as it was denied. On the other hand, to recover under an *underinsured* motorist provision, the insured must prove the extent to which coverage for the other party is *available for payment*; that is, the amount of insurance coverage *applicable* to the injured person's claim. Thus, with *underinsured* coverage, it *is* important why coverage was denied. If it was *rightfully* denied, coverage is not applicable. If, however, coverage was *wrongfully* denied, then such coverage is still applicable; it simply means that something more must be done — filing a lawsuit or declaratory judgment action, for example — to establish such coverage. And again, if coverage is applicable, it is available for payment; and to the extent that the other party's coverage *is* available for payment, underinsured coverage does not kick in.

---

[3] See n. 2 supra.

In this regard, there is a genuine dispute of a material fact. Specifically, plaintiff alleges, and GEICO agrees, that only $10,000 is available for payment under the GEICO policy. This allegation, however, is flatly denied by Aetna, which has affirmatively alleged, both in its grounds of defense and in its responses to requests for admissions, that the GEICO policy provides coverage in the amount of $25,000. This is a material fact; the parties do not agree on it; and no evidence has been presented — not even the GEICO policy — from which the court can determine the actual limits of that policy. Accordingly, summary judgment cannot be granted.

The second reason summary judgment cannot be entered was not argued by either the plaintiff or Aetna but pertains to the definition of uninsured motor vehicle contained in subparagraph (i) of § 38.2–2206(B), *supra*. That subparagraph provides that a vehicle is *uninsured* if "there is no bodily injury liability insurance and property damage liability insurance *in the amounts specified by § 46.2–100.*" Emphasis added.[4] If, as plaintiff and GEICO allege, GEICO's policy provides only $10,000 of bodily injury coverage, such policy is not "in the amounts specified in § 46.2–100." Thus, we would be dealing with *uninsured* rather than *underinsured* coverage, and Aetna would have to pay the balance of the judgment. Once again, however, Aetna denies that GEICO's policy provides coverage less than that specified in § 46.2–100, and once again, the court has no evidence upon which to make a decision. For this reason, too, summary judgment must be denied.

The court notes that Aetna seems to concede that plaintiff is underinsured in the amount of $5,000, and partial summary judgment for that amount appears proper. No such motion, however, is before me.

---

[4] *See* n. 2 *supra.*